UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BRIAN R. LOCKE,

        Plaintiff,

        v.                       Case No. 05-C-408

NICHOLAS L. CHIARKAS and
KENNETH LUND,

        Defendants.

_____

O R D E R

The plaintiff Brian R. Locke, who is proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. Also, the plaintiff has filed a motion to appoint counsel, a motion for a jury trial, and a motion to request venue. All motions will be addressed herein.

The plaintiff is required to pay the statutory filing fee of $250 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior

six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20 percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The trust account statement demonstrates that the plaintiff lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The plaintiff is incarcerated at the Columbia Correctional Institution (CCI). Defendants Nicholas L. Chiarkas and Kenneth Lund are both Wisconsin state public defenders. (Complaint at 3 ¶ 1; 4 ¶ 6).

The plaintiff alleges that he has been denied due process because his court appointed attorneys (who are not named defendants) provided him ineffective assistance of counsel.[2] He submits that defendant Lund, as the "Attorney Manager at the Public Defender's Office" denied him "counsel under Wis. Stat. § 977.05(4)(j)." (Complaint at 3 ¶ 1). Also, the plaintiff claims that defendant Chiarkas "refused me counsel, even after a Columbia Co. Judge said he should appoint counsel because the sentence is illegal." (Complaint at 5 ¶ 6). Finally, the plaintiff states that Lund and Chiarkas "knew all along about [the ineffectiveness of his assigned counsel] and tried to cover up the problem." (Complaint at 4 ¶ 7). He complains "they did everything not to help me. They

---

[2] The plaintiff contends that his first lawyer, Stanley B. Kaufman was "mentally incompetent" and his second attorney, John R. Kobertson, arrived at the plaintiff's revocation hearing drunk. (Complaint at 4). However, much of the complaint concerns the plaintiff's third attorney, David G. Stokes, whom the plaintiff complains "refused to answer" his numerous letters and refused to see him. *Id.* The plaintiff contends that Attorney Stokes:

> lied and I got 11 years! I never saw him again. When I received my file, I found a plea agreement from the D.A. dated September 24, 2002. [Stokes] lied. [Stokes] had it All (sic) along and never told me. The plea was even multiplicious.

*Id.*

both denied me due process and are guilty of professional malpractice and fraud and abuse of discretion in office." *Id.*

The plaintiff requests the following relief:

1. Legislative Audit of Public Defender's Office certifications and billing practices.
2. Termination of Nicholas Chiarkas and Kenneth L. Lund and Public Reprimand by Bar.
3. Assign Counsel for my appeal and trial of my choice.
4. Compensation of $250,000 per defendant, plus whatever the courts award.
5. Written apologies from defendants.

(Complaint at 6).

Section 1983 is available to inmates challenging the conditions of their confinement, which includes requests for a different program, location or environment. *Glaus v. Anderson*, 408 F.3d 382, 385 (7th Cir. 2005)(quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). In contrast, attacks on the fact or duration of confinement must be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

Here, the plaintiff alleges ineffective assistance of counsel by three public defenders and requests a new trial. In addition, he seems to be asserting that his sentence is illegal. Based on the foregoing, the plaintiff's complaint can be fairly construed as a challenge to the fact or duration of his confinement. Thus, the court believes that the plaintiff should have filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254 instead of a civil rights complaint under 42 U.S.C. § 1983.

The Supreme Court has held that the writ of habeas corpus is the exclusive remedy for prisoners seeking release from custody. *Preiser*, 411 U.S. at 489 (1973). Although it is possible to convert the plaintiff's civil rights claims to a writ for habeas corpus, the scope of recharacterization is extremely limited. *Glaus,* 408 F.3d at 388. The Seventh Circuit warned district courts:

> there are pitfalls of different kinds for prisoners using the wrong vehicle....If a person files a habeas corpus petition that should be presented under other statues, he or she may be subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements. Other important differences include the identity of the defendant (the warden versus the doctors, or guards, or others responsible for the alleged injury), the amount of the filing fee, the way in which exhaustion must be accomplished, and the type of restriction on successive lawsuits. In most cases, therefore, the district court should evaluate the cases as the plaintiffs label them.

*Id.* (internal citations omitted).

A district court may recharacterize a civil rights claim "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Id.* The plaintiff has named two public defenders as defendants. In a habeas corpus petition, the proper defendant is the warden of the correctional institution where the plaintiff is currently incarcerated. *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). In light

- 6 -
Case 2:05-cv-00408-JPS   Filed 10/25/05   Page 6 of 10   Document 8

of the foregoing, this court cannot convert the plaintiff's civil rights claim into a petition for a writ of habeas corpus. Therefore, the plaintiff's case will be dismissed without prejudice.

In dismissing the plaintiff's case, the court is not making a decision on the ultimate merits of the case. The plaintiff may re-file this action as a petition for a writ of habeas corpus after exhausting available state remedies. *See Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (citing *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999)). The refiling of the plaintiff's claim as a petition for a writ of habeas corpus may have certain consequences.

### Motion to Appoint Counsel

On April 8, 2005, the plaintiff filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (*citing Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the

outcome of the case. *Id.* (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has provided some information that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff states that he has contacted "Mr. Raihala, Mr. Michael Hupy, Mr. Mark Eisenberg, ACLU and the NAACP and all reject me due to the nature of this complaint." (Pl.'s Motion at 3 ¶ 3G). However, since this action is dismissed without prejudice, the plaintiff's motion for appointment of counsel must be denied.

Motion for Jury Trial

On April 8, 2005, the plaintiff filed a motion for a jury trial. The court takes note of such demand. *See* Fed. R. Civ. P. 38(b). However, since this case is dismissed without prejudice, the plaintiff's motion must be denied.

Motion to Request Venue

On April 18, 2005, the plaintiff filed a "Motion to Request Venue." The plaintiff submits that he has a "conflict of interest with Judge John Shabaz that would force him to be disqualified." (Pl.'s Motion at 1¶ 2). Furthermore, he has a conflict of interest with Judge Barbara Crabb "regarding case no. 00-C-0421-C and 04-C-653-S, and would force her to be disqualified." (Pl.'s Motion at 1 ¶ 3).

Under Federal Rule of Civil Procedure 12(b), the defendants may assert improper venue in a responsive pleading or by motion. Fed. R. Civ. P. 12(b) and

12(b)(3). However, since this case is dismissed without prejudice, the plaintiff's motion to request venue shall be denied.

Accordingly,

IT IS ORDERED that the plaintiff's request to proceed *in forma pauperis* (Docket # 2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (Docket # 4) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for a trial by jury (Docket # 4) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for venue (Docket # 5) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the action be and the same is hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as failing to state a claim upon which relief may be granted;

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed as failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1);

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $250 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action; and,

IT IS FURTHER ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this ___25th___ day of October, 2005.

BY THE COURT:

_s/ J. P. Stadtmueller_
J. P. Stadtmueller
U.S. District Judge